[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SANCTION FOR VIOLATING RULES OF PROFESSIONAL CONDUCT
In its decision of February 9, 2001, following an evidentiary hearing, oral argument, and briefing by the parties, the court found by clear and convincing evidence that Attorney Carole W. Briggs violated Rules of Professional Conduct § 3.4(1) and (6) in this case and in related litigation.[1]
The respondents, Attorney Briggs and Amity Regional School District No. 5 (Amity), filed motions to reargue that decision. In a memorandum of decision dated and filed March 1, 2001, the court denied the motions to reargue.
The court has afforded the parties an opportunity to file memoranda on the issue of what sanction should be imposed for the misconduct. Memoranda were filed by all of the defendants in this case, namely, The Atlas Construction Company and Insurance Company of North America; the Lukmire Partnership, Inc.; Gregory Lukmire and William Evans; Maguire Group, Maguire Group Architects, Sebastian Amenta and Terry McCarthy; The Weiler Associates and Donald Strong; S3E Klingemann, Inc.; Rocky Styer and David Stabler. All of these defendants advocated that the court sanction Attorney Briggs by disqualifying her and her associates from the litigation, in addition to imposing costs and attorneys fees and other remedial actions.
Amity filed a memorandum requesting that no sanction be imposed against Amity and that no sanction be imposed against Attorney Briggs that might prejudice Amity's ability to proceed with the litigation. Attorney Briggs filed a memorandum suggesting that no sanction be imposed, but if any were considered, that it be limited to an admonition. CT Page 4418
The court has sought guidance in this process from the American Bar Association's Standards for Imposing Lawyer Sanctions (Standards), which have been cited with approval by our Supreme Court. See GrievanceCommittee v. Spirer, 247 Conn. 762, 782, 725 A.2d 948 (1999). "The Standards provide that, after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential injury or actual injury caused by the lawyers' misconduct; and (d) the existence of aggravating or mitigating factors . . ., quoting § 3.0 of the Standards." (Citation omitted; internal quotation marks omitted.) Id. The following discussion considers each of these factors in the determination of what sanction must necessarily be imposed.
With respect to the first factor, the court has found that Attorney Briggs violated specific duties set forth in Rule of professional Conduct 3.4, entitled "Fairness to Opposing Party and Counsel." The violations arose from her suppression of discoverable, material evidence which the opposing parties and counsel were entitled to have produced to them pursuant to Practice Book § 13-15.
As to the second factor, it is undisputed that Attorney Briggs' state of mind was sound at all pertinent times.
Consideration of the evidence under the third factor presents a challenge because Attorney Briggs disputes that any potential or actual injury was caused by the misconduct found by the court.
The existence of the "Benassi Report" was discovered by a newspaper reporter, and only then was the fact of its existence published in The New Haven Register on October 11, 2000. The defendants' counsel became aware of its existence from the newspaper report, and issued specific requests for its production in accordance with the rules of Connecticut practice. They finally were able to obtain a copy of the report from other sources. Attorney Briggs and Amity never produced it to them prior to the initiation of these misconduct proceedings on October 30, 2000, although Attorney Briggs concedes that "from September 12th forward, I recognized that the Report almost certainly was fully discoverable and, unlessresearch revealed otherwise, I always intended to make it available to all counsel of record in all pending litigation involving Amity." (Emphasis added.) Affidavit of Carole W. Briggs, dated November 30, 2000, p. 15 (Court Exhibit 3 from the 12/12/00 hearing on misconduct).
The ultimate disclosure of the report does not establish that there was CT Page 4419 no injury resulting from Attorney Briggs' misconduct. Injury has resulted from its intended suppression.
Mr. Paul DiSpazio and his corporation were injured when shortly after he characterized Attorney Briggs' efforts as a "coverup", their business relationship with the school district was terminated. Mr. Gerry Keane, manager for repair and maintenance at the Amity Regional Senior High School, also suffered termination of employment.[2] These gentleman both were attempting to address a problem evidenced by molding, sagging ceiling tiles in a public school facility. The health and safety concerns recognized by them, and their attempts to diagnose and correct the problem, ran up against and at most were secondary to the Amity litigation strategy formulated by Attorney Briggs.
On page 1 of her affidavit, Attorney Briggs attests that "[f]or over twelve years, I have had the responsibility of counseling Amity not only about legal issues associated with pending lawsuits, but also about legal issues relating to a wide range of facilities management and construction topics concerning both Amity Senior High School and two junior high schools under Amity's jurisdiction." Id., ¶ 4. Attorney Briggs further asserts that [t]hese issues include, among other things, miscellaneous repair and maintenance projects, the procurement of outside contractors, and legal oversight of several ongoing major building projects," including the high school renovation project begun in 1992 and substantially completed in 1995. Id., ¶ 5. Her strategy apparently has resulted in the persistence rather than a remedy of the problems, as evidenced by molding, sagging ceiling tiles possibly causing a health risk to school children and school employees, the failure of the Amity cases to advance beyond the preliminary stage of litigation[3] and the proliferation of lawsuits in which individuals claim that they have become ill as a result of the defects in the Amity High School building.
Moreover, the court and the parties have been forced by her misconduct to engage in extensive and costly legal proceedings which have substantially delayed the progress of the Amity/Atlas litigation.
An effort to suppress evidence undermines the discovery scheme of the Connecticut Practice Book as well as the basic integrity of the judicial system.
The fourth factor that the court must consider relates to the existence of aggravating or mitigating circumstances.
In its March 1, 2001. memorandum of decision denying the motions to CT Page 4420 reargue, the court noted that the findings of misconduct were not of a technical nature. Instead, they evidence a conscious effort to suppress a document possessing significant evidentiary value.
Attorney Briggs' testimony before this court directly contradicts that of witnesses DiSpazio, Keane and Attorney Joseph Yamin. In support of her claim that she has done nothing to compel sanction, Attorney Briggs introduced the affidavit and testimony of Eileen Miller, her independent contractor paralegal. Miller's testimony was patently incredible and rejected in its entirety by the court. Attorney Briggs' testimony was unpersuasive and self-serving. The false defense that Attorney Briggs presented, and her refusal to acknowledge any wrongdoing on her part, display an attitude that plays substantially in the court's consideration of aggravating circumstances. See United States v. Cornielle, 171 F.3d 748,753 (2nd Cir. 1999). where the court noted that "no legal system can long remain viable if lying under oath is treated as no more than a social solecism."
The court is aware of the long term relationship between Attorney Briggs and Amity. The relationship inevitably has allowed her to acquire specialized knowledge about Amity's operations. Her client would experience a significant loss of time and money if compelled to find new counsel. Though cognizant of these legitimate interests of Amity. the court must disqualify Attorney Briggs from further participation in these matters.
The court finds that the public interest in the scrupulous administration of justice outweighs Amity's interest in retaining its current choice of counsel. Public confidence in the administration of justice by the courts and the integrity of the process is not served by judicial tolerance of attorney misconduct.
 Order
As a sanction for her violation of Rules of Professional Conduct 3.4 (1) and (6), Attorney Carole W. Briggs is disqualified from participating directly or indirectly in any litigation relating to the Amity Regional School District No. 5, including this case as well as any claim by individuals that they have become ill as a result of defects in the Amity Regional Senior High School building. Following a transitional period not to exceed sixty (60) days from the date of this order, Attorney Briggs also is prohibited from consulting with Amity regarding any such litigation. In the interim transition period, Attorney Briggs may consult with new counsel for Amity to facilitate such counsel's assumption of the CT Page 4421 responsibility to represent Amity. The court declines to order costs or attorney's fees as a sanction for Attorney Briggs' conduct, nor will additional discovery orders enter.
ROBERT F. MCWEENY, J.